**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOTH SUN, | No.    19-71507 |
| Petitioner, | Agency No. A023-778-717 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2021[**]
Pasadena, California

Before:  MURGUIA, BADE, and LEE, Circuit Judges.

Thoth Sun, a native and citizen of Cambodia, petitions for review of the Board

of Immigration Appeals's ("BIA") dismissal of Sun's appeal of an immigration

judge's denial of *sua sponte* reopening.  We dismiss the petition in part and deny the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition in part.[1]

In general, we lack jurisdiction to review the denial of *sua sponte* reopening, which is a matter of agency discretion. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). However, we may review such denials "for the limited purpose of determining whether the Board based its decision on legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). In other words, "our review of the BIA's unfettered discretion to reconsider or reopen on its own motion is limited to instances where the agency misconstrues the parameters of its sua sponte authority based on legal or constitutional error and, as a consequence, does not truly exercise its discretion." *Lona v. Barr*, 958 F.3d 1225, 1237 (9th Cir. 2020).

Sun sought reopening more than a decade after the conclusion of his initial removal proceedings based on a change in the applicable law. He contends that the BIA erred by applying a diligence requirement in denying his request for *sua sponte* reopening. Here, the BIA referred to Sun's diligence in pursuing reopening, among other factors, in determining that there was no "exceptional situation . . . which would warrant [the] exercise of sua sponte reopening." Because this decision "evince[d] no misunderstanding" about the BIA's discretion, we lack jurisdiction to review it. *See id.* at 1234–35.

---

[1] Because the parties are familiar with the facts, we do not recite them here except as necessary to resolve the issues in the petition for review.

2

In addition, Sun contends that the IJ was required to reopen his removal proceedings because execution of his 2004 removal order would constitute a "gross miscarriage of justice." However, the cases Sun relies on address reinstated removal orders, not motions to reopen. *See, e.g.*, *Vega-Anguiano v. Barr*, 982 F.3d 542, 544 (9th Cir. 2019) (as amended). We decline Sun's invitation to extend these holdings beyond the reinstatement context, particularly given our case law establishing that the agency is not required to grant *sua sponte* reopening based on a subsequent change in law that makes clear a noncitizen's criminal conviction is no longer a removable offense. *See, e.g.*, *Lona*, 958 F.3d at 1228–30. Therefore, we deny the petition for review as it relates to the gross-miscarriage-of-justice argument.[2]

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[2] We also deny Sun's pending motion for a stay of removal as moot. *See* Doc. 5.